MACDONALD & ASSOCIATES
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession
CMR MORTGAGE FUND III, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND III, LLC,<br><br>        Debtor. | Case No. 09-30802<br><br>Chapter 11<br><br>APPLICATION FOR APPOINTMENT OF STEIN & LUBIN LLP AS SPECIAL COUNSEL FOR DEBTOR |

The application of CMR MORTGAGE FUND III, LLC, debtor and debtor-in-possession herein, respectfully represents:

1. This case was commenced by the filing of a voluntary chapter 11 petition on March 31, 2009. No trustee has been appointed, and the debtor is in possession of the estate.

2. The debtor first retained Stein & Lubin LLP as corporate counsel in October, 2003, to provide services related to formation, capitalization, compliance, lending operations, loan enforcements, workouts, and other matters. Stein & Lubin LLP has continuously represented the debtor and, in doing so, has accumulated considerable information regarding the debtor's business operations. Due to Stein & Lubin LLP's expertise and extensive knowledge of the debtor's business affairs, retention of the firm is necessary and is in the best interest of the estate.

3. The debtor desires to retain Stein & Lubin LLP as special counsel, pursuant to 11 U.S.C. § 327(e), to continue to represent the debtor in performance of corporate and regulatory matters, including:

    a. Loan workouts, forbearance agreements, enforcement actions and negotiations

regarding mortgages in which the debtor holds an interest;

  b. State and federal regulatory matters, including representation regarding any accusations, investigations or enforcement actions; and

  c. The debtor's rights and obligations toward its investor members.

 4. On March 31, 2009, the debtor entered into a post-petition retention agreement with Stein & Lubin LLP for purposes of providing the debtor with legal services in the matters set forth above. A true and correct copy of the retention agreement is attached as Exhibit "A" to the supporting declaration of Mark D. Lubin, served and filed herewith.

 5. To the best of the debtor's information and belief, Stein & Lubin LLP is disinterested; holds no interest adverse to the debtor, its estate, or the creditors herein, with respect to the subject of its proposed representation; and has no connection with the debtor, its creditors, any other party in interest, its respective attorneys or other professionals, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, except as set forth below.

 6. On the petition date, the debtor owed Stein & Lubin LLP an outstanding balance for fees and costs of $49,009.00, of which $40,361.00 was owed jointly with CMR Mortgage Fund II, LLC ("Fund II").

 7. Stein & Lubin LLP is currently representing the following creditors or parties in interest on matters that are related to the debtor or the within case, but which do not represent adverse interests or conflicts which would preclude employment as special counsel in the matters for which the firm is being employed:

  a. Stein & Lubin LLP jointly represents the debtor and Fund II in connection with loan investments that they own together and where their interests coincide.

  b. Stein & Lubin LLP previously represented the debtor's manager, California Mortgage & Realty, Inc. ("CMRI"), its principal, David Choo, and CMR Mortgage Fund, LLC ("Fund I") in connection with various matters in which Fund II had a direct or indirect interest, which matters were concluded prior to commencement of the within case.

  c. Stein & Lubin LLP continues to represent CMRI, Choo, Fund I and Fund II in connection with other pending matters unrelated to the debtor or this bankruptcy case. Stein &

Lubin LLP will not be engaged to represent the Debtor in connection with any matters where the debtor's interests are adverse to those of CMRI, Choo, Fund I or Fund II, or any of their affiliates, except upon the Court's approval and full disclosure of such relationships.

8. Stein & Lubin LLP anticipates that the course of its representation as special counsel may require that it simultaneously represent CMRI, Fund I, Fund II. and their affiliates in unrelated matters. Stein & Lubin LLP expects to represent Fund II and the debtor jointly in connection with loan and equity investments they own together. Fund II and the debtor will bear an equal share of the legal fees and costs incurred in those matters, if such representation is required.

9. The debtor understands that its obligation to pay fees and costs is subject to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated by the United States Bankruptcy Court for the Northern District of California, and payment of such fees and costs are subject to prior court approval.

10. The debtor is informed and believes that no agreement or understanding exists between Stein & Lubin LLP and any other entity for the sharing of its compensation.

WHEREFORE, the debtor prays that it be authorized to employ and appoint Stein & Lubin LLP as special counsel, and for such other and further relief as is proper in the premises.

DATED: April 10, 2009                                             MACDONALD & ASSOCIATES

                                                                  By: /s/ Reno F.R. Fernandez III
                                                                      Reno F.R. Fernandez III
                                                                      Attorneys for Debtor
                                                                      CMR Mortgage Fund III, LLC