DENNIS D. MILLER (SBN 138669)
EUGENE CHANG (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Debtor
CMR MORTGAGE FUND III, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 09-30802 - TEC |
| CMR MORTGAGE FUND III, LLC, | Chapter 11 |
| Debtor. | **FIRST INTERIM APPLICATION OF SPECIAL COUNSEL STEIN & LUBIN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES** |
| | Date: December 28, 2009<br>Time: 9:30 a.m.<br>Dept: 23 |

**TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE:**

Stein & Lubin LLP ("S&L") respectfully submits its First Interim Application For Compensation And Reimbursement Of Expenses:

## I. EMPLOYMENT AND PRIOR COMPENSATION

S&L was appointed as Special Counsel for debtor CMR Mortgage Fund III, LLC ("Debtor") in this Chapter 11 case by Order of the Court dated October 29, 2009. Debtor employed S&L to represent the Debtor in performance of corporate and regulatory matters including the following: advice and performance of legal services regarding loan workouts, forbearance agreements, enforcement actions and negotiations relating to mortgage loans in which the Debtor has an interest; information and direction with respect to state and federal regulatory matters, including representation in connection with any accusations, investigations or enforcement actions that may be instituted; and assistance and advice regarding the Debtor's rights and obligations toward its investor members.

This is the first application for approval of fees filed by S&L as Special Counsel. This application seeks approval for and payment of fees and costs incurred from March 31, 2009 through October 31, 2009 in the amount of $57,395.24.

## II. CASE STATUS

The Debtor first employed S&L as its corporate counsel in October 2003 for a variety of purposes including its formation, capitalization, legal compliance, lending operations, loan enforcements and workouts, and other related matters. Since that time S&L has continuously represented the Debtor and has accumulated considerable information regarding the Debtor's business and transactional dealings. The Debtor filed for bankruptcy on March 31, 2009.

In connection with this Application, the Debtor employed S&L to provide legal services in connection with each of the following four matters, each of which is hereafter referred to as a "Project." Included in the following descriptions is an explanation of the importance of the Project and, where applicable, the complexities involved:

14730063/402536v1                                   1                                   Case No. 09-30802

FIRST INTERIM FEE APPLICATION OF SPECIAL COUNSEL STEIN & LUBIN LLP
Case: 09-30802    Doc# 187    Filed: 12/08/09    Entered: 12/08/09 17:36:40    Page 2 of 10

1. DIP Financing. S&L assisted the Debtor to design and document a debtor-in-possession financing program (the "DIP Financing") to be funded by the Debtor's issuance of notes primarily to its own members. Raising this DIP Financing is critical to the Debtor's ability to carry out a feasible plan of reorganization because the Debtor must protect and preserve its properties and loan collateral until they can be sold for reasonable prices. In order to accomplish this, the Debtor must be able to fund ongoing payments for (i) adequate protection payments to senior lienholders, (ii) negotiated forbearance payments to other senior lienholders with whom such forbearances are negotiated (such as the Standstill Agreement described below), (iii) entitlement costs for land that the Debtor owns (or will own) in order to realize its full value, and (iv) administrative costs of this bankruptcy proceeding. In addition, the Debtor is compelled to utilize an unconventional method for raising the DIP Financing, because there is no single bank or other institutional investor willing to provide the necessary funds. Therefore, the Debtor will seek to raise the funds from its own members, in relatively small increments from each member, which constitutes a securities offering that is regulated by both state and federal securities laws. S&L has prepared a very detailed private placement memorandum ("PPM"), as well as the loan documentation itself, and the Debtor has been advised how to conduct the offering in compliance with the private placement exemptions from registration under federal and state securities laws. The Court has already granted the Debtor's motion to conduct a private placement offering in order to raise the DIP Financing, utilizing the offering documents prepared by S&L.

2. Standstill Agreement. S&L negotiated and documented a very complex standstill agreement with a group of mortgage lenders (referred to as the "Oxford investors") who hold senior liens on various real properties that serve as collateral for the Debtor's own junior mortgage loans. These senior liens are in default and the Oxford investors are entitled to foreclosure on their liens, which would extinguish the Debtor's junior liens and cause a complete loss of the Debtor's investments. The Standstill Agreement, if approved by all parties and this Court, would provide the Debtor with a reasonable opportunity to preserve most of its largest investments. The Standstill Agreement, as submitted for approval by this Court, addresses the

Debtor's and CMR Mortgage Fund II, LLC's aggregate investments of approximately $45 million and seven (7) different loans, plus several additional foreclosure properties on which the Oxford investors hold liens. As the court is aware, the Standstill Agreement is very complex and was subject to review and re-negotiation by several different Oxford investors and their advisors.

3. <u>Governmental Inquiries/Examinations.</u> S&L advised and assisted the Debtor in connection with regulatory matters and various governmental inquiries and examinations, including compliance with state and federal securities laws, the California Finance Lenders (CFL) law, and other matters.

4. <u>General Advice and Consultation.</u> S&L has been providing ongoing advice and consultation, only as and when specifically requested by the Debtor, in connection with the Debtor's general business operations.

S&L has opened two separate billing matters for post-petition work rendered for work on the above Projects. File No. 1473-0063, which is entitled DIP Financing (Funds II and III), includes only the legal work related to the DIP Financing. File No. 1473-0062, which is entitled CMR Funds II and III (Chapter 11), includes only the legal work related to the DIP Financing. S&L File No. 1473-0062, which is entitled "CMR Funds II and III (Chapter 11)", includes all legal work relating to the other three Projects listed above. All of the itemized post-petition statements for both billing matters are attached to the Declaration of Mark D. Lubin. For the reasons described below, each of these billing matters was opened as a joint billing matter for both the Debtor and a related mortgage fund, and the charges should be borne equally by the Debtor and that other fund.

S&L has been retained as special counsel for both the Debtor and an affiliated mortgage investment fund, CMR Mortgage Fund II, LLC ("Fund II"), which is the debtor in another bankruptcy case pending before this Court entitled *In re CMR Mortgage Fund II, LLC,* Case No. 09-30788. The Debtor and Fund II are co-lenders in many of the same mortgage loans, and the legal services rendered by S&L in connection with the four Projects described above, which are itemized in the statements attached to the Declaration of Mark D. Lubin, were rendered for the benefit of *both* the Debtor and Fund II. Both entities had substantially the same needs for

14730063/402536v1  3  Case No. 09-30802

FIRST INTERIM FEE APPLICATION OF SPECIAL COUNSEL STEIN & LUBIN LLP

the same legal services: (1) both the Debtor and Fund II require DIP Financing in order to protect and preserve their respective assets, for which purpose both the Debtor and Fund II will utilize virtually identical offering documents prepared by S&L; (2) both the Debtor and Fund II are parties to the same proposed Standstill Agreement, and are being treated equally under it; (3) both entities are subject to regulation and examination by reason of their activities that are governed by the securities laws and by the California CFL law; and (4) both entities are engaged in the same business with substantially the same borrowers, and (thus far, at least) all consultation and advice rendered by S&L was applicable and beneficial to both Debtor and Fund II. Because all of the work performed by S&L on the above Projects was virtually identical for both the Debtor and Fund II and benefitted both of them, and with the Debtor's approval, all billable time and costs advanced on each Project were billed to a single matter (as described above) with the intention that the charges billed to each matter would be borne equally by the Debtor and Fund II. The total amount of fees and costs incurred by the Debtor and Fund II are $114,790.48, as shown in Exhibit A to the Declaration of Mark D. Lubin.

Based on the foregoing, the attorneys' fees and costs for each Project that are summarized below and for which payment is requested each represent exactly one-half (50%) of the total charges reflected on the joint billing statements attached to the Declaration of Mark D. Lubin.

### III. PROJECTS

Attached as Exhibit A to the Declaration of Mark D. Lubin are the statements for legal services provided by S&L from March 31, 2009 through October 31, 2009. Counsel has reviewed in detail each fee entry and description contained on the statements, and here provides a summary, for each Project, of the total billable hours and amounts charged for work on that Project. Each fee entry and description in the itemized statements attached to the Declaration of Mark D. Lubin is included in one of the Projects below.

In addition, in order to summarize the particular tasks performed for each Project, each line item in the itemized statements attached to the Declaration of Mark D. Lubin has been designated with a letter from "A" through "G." Each such letter serves as a task code to indicate

that the work described in that entry consisted of one of the following tasks:

  A - Communications (both oral and written) with the Debtor itself, internally among attorneys within S&L, and with the Debtor's other legal counsel and accountants for consultation, advice and information gathering;

  B - Drafting and revising documents;

  C - Reviewing client files;

  D - Negotiations with opposing parties and their counsel;

  E - Attending to governmental filings (SEC, California Dept. of Corporations, etc.);

  F - Legal Research; and

  G - Attending to Bankruptcy court filings, appearances at court hearing, preparing fee applications.

  The following billing summary for each of the Projects includes a breakdown of the total time and charges incurred for each of these tasks for that Project.

1. <u>DIP Financing.</u>

Allocation of tasks for this Project (see task codes above):

|   | No. Hours | Fees |
|---|---|---|
| A - | 10.5 | $6,275 |
| B - | 37.2 | $16,527.50 |
| C - | 4.0 | $1,203 |
| E - | 2.75 | $1,165 |
| F - | 1.3 | $550 |
| G - | 2.6 | $1,505 |

Total Hours for this Project: 58.35

Total Fees for this Project: $27,225.50

2. <u>Standstill Agreement.</u>

Allocation of tasks for this Project (see task codes above):

  No. Hours Fees

| | | | |
|---|---|---|---|
| 1 | A - | 8.2 | $4,218 |
| 2 | B - | 16 | $8,880 |
| 3 | C - | 2.2 | $1,327 |
| 4 | D - | 15.6 | $9,824 |

Total Hours for this Project: 42

Total Fees for this Project: $24,249

3. <u>Governmental Inquiries/Examinations.</u>

Allocation of tasks for this Project (see task codes above):

    No. Hours    Fees

A -    4.2    $2,478

B -    0.5    $140

C -    1.3    $616

F -    1.2    $737

Total Hours for this Project: 7.2

Total Fees for this Project: $3,971

4. <u>General Advice and Consultation.</u>

Allocation of tasks for this Project (see task codes above):

    No. Hours    Fees

A -    4.4    $2,596

Total Hours for this Project: 4.4

Total Fees for this Project: $2,596

## IV. BILLING SUMMARY

Between March 31, 2009 and October 31, 2009 S&L devoted a total of 111.95 hours of professional time in the performance of the services described above. S&L's billing statements/invoices, attached as <u>Exhibit A</u> to the Declaration of Mark D. Lubin, identify the individuals who performed specific services by initial, and can be summarized as follows:

| **Name** | **Hourly Rate** | **Total Hours** | **Total Fees** |
|---|---|---|---|
| MDL: Mark D. Lubin | $590 | 82.65 | 48,763.50 |

| | | | |
|---|---|---|---|
| RBC: Richard B. Caine | $470 | 3.25 | 1,527.50 |
| AIB: Audrey Baker | $370 | .85 | 314.50 |
| KBR: Brad Rogerson | $315 | .55 | 173.25 |
| EYC: Eugene Chung | $295 | 24.05 | 7,094.75 |
| JPG: Justin Gurvitz | $280 | .60 | 168.00 |
| **SUB-TOTAL** | N/A | 111.95 | 58,041.50 |
| **ADJUSTMENT** | N/A | N/A | -826.50 |
| **TOTAL** | N/A/ | 111.95 | 57,215.00 |

In addition to the foregoing fees, S&L has expended the sum of $180.24 for costs and expenses from March 31, 2009 through October 31, 2009. A summary of these costs is as follows:

| Costs | Amount |
|---|---|
| Photocopy Charges | 111.00 |
| Online Research (Pacer) | 1.16 |
| Conference Calls | 89.98 |
| **Sub-Total** | **$202.14** |
| **Adjustment** | **-21.90** |
| **Total** | **$180.24** |

S&L respectfully requests that the reasonable value of its services from March 31, 2009 through October 31, 2009 is $57,215.00. Costs advanced by S&L from March 31, 2009 through October 31, 2009 total the sum of $180.24. All services for which compensation is requested were rendered pursuant to the performance of S&L of the duties authorized in the Order of the Court for its Appointment as Special Counsel for Debtor. None of the services were rendered with respect to any other matter. This Application and the Exhibits attached to the Declaration of Mark D. Lubin represent the total amount of compensation sought by S&L, net of adjustments made to eliminate improper or duplicate charges.[1] By this Application, S&L seeks both allowance and approval of payment of all attorneys' fees and costs incurred by S&L on behalf of Debtor from March 31, 2009 through October 31, 2009.

## V. RULE 2016(B) STATEMENT

No compensation previously received by S&L has been shared with any other person and no agreement or understanding exists between S&L and any other person for the

---

[1] The sum of $826.50 has been deducted from the invoices to reflect the Court approved billing rate of $580.00 for Mark Lubin and the sum of $21.90 has been deducted from the invoices to reflect copy charges of $.20 per page.

sharing of compensation received or to be received for services rendered in or in connection with this case, except with the regular members and associates of S&L, and attorneys of counsel to S&L. S&L neither represents nor holds any interest adverse to Debtor, its estate, or to creditors herein with regard to any of the matters referred to herein, with the exception of an outstanding balance for fees and costs owed by the Debtor to S&L which was disclosed in the Application for Appointment of Stein & Lubin LLP as Special Counsel for Debtor.

## VI. CONFERENCES, HEARINGS, AND JOINT REPRESENTATION OF DEBTOR

Drafting the standstill agreement and DIP Financing agreement are critical to Debtor's ability to effectively reorganize and pay its creditors. To insure that Debtor received the best advice and representation from its lawyers required attorneys from S&L to meet with the Debtor's representatives and the Debtor's counsel to discuss and agree on strategy, and consider issues that arise in the course of this bankruptcy, and such conferences, as are shown on the S&L billing statements, consisted of: discussions of analysis/strategy of the case; discussion of action items in connection with the Projects, including the DIP Financing and standstill agreements; general corporate advice concerning audit matters; discussion of and action items regarding compliance requirements with state agencies; general corporate advice related to the Debtor's business operations, and other related action items.

Mark D. Lubin is a corporate lawyer primarily responsible for providing legal advice with respect to the Projects, including the drafting and preparing the of the standstill and DIP Financing agreements. Richard B. Caine, Audrey Baker, Justin Gurvitz, Brad Rogerson, and Eugene Chung are transactional lawyers who assisted in the transactional work regarding the Projects, and performed certain limited services when it was determined that they could do so competently and at a lower billing rate than Mr. Lubin.

Where billing statements include intra-firm conferences between attorneys, the conferences consisted of one of the following: instruction from one professional to another professional; analysis and strategy for the Project; and discussion of action items regarding the DIP Financing and the Standstill Agreement.

**VII. PHOTOCOPIES**

S&L generally charges $0.25 per page for copies to its clients. For the current interim fee applications, however, S&L is requesting $0.20 per page, and the amounts listed on the invoices for the costs have been adjusted to reflect a charge for $0.20 per page.

**VIII. PREPARATION OF THIS FEE APPLICATION**

In December 2009, S&L estimates that it has spent approximately 7 hours on preparation of this fee application, at an approximate expense of $2,700.00. As the present application for interim compensation covers only the period ending October 31, 2009, the fees incurred during preparation of this application, and for the November 2009 period, will be sought in S&L's next application for interim compensation.

**IX. COMPLIANCE WITH GUIDELINE NUMBER SEVEN**

Attached as <u>Exhibit B</u> to the Declaration of Mark D. Lubin is a copy of a letter to Debtor in compliance with Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Guideline Number Seven.

WHEREFORE, S&L prays that this Court enter its Order as follows:

1. Approving and allowing reasonable attorneys' fees incurred by S&L in its representation of Debtor from March 31, 2009 through October 31, 2009, in the sum of $57,215.00;

2. Approving and allowing reasonable costs incurred by S&L in its representation of Debtor from March 31, 2009 through October 31, 2009, in the sum of $180.24;

3. Authorizing and directing Debtor to pay $57,395.24 to S&L; and

4. Such other and further relief as the Court deems just and proper.

Dated: December 8, 2009                    STEIN & LUBIN LLP

By:  /s/ Dennis D. Miller
DENNIS D. MILLER
Attorneys for Debtor
CMR MORTGAGE FUND II, LLC