McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
MICHAEL A. SWEET (CSBN 184345)
LINDSEY R. MORAN (CSBN 242038)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for Official Committee of Equity Security Holders

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case Nos.  08-32220 TEC |
| | 09-30788 TEC |
| CMR MORTGAGE FUND, LLC, | 09-30802 TEC |
| CMR MORTGAGE FUND II, LLC, | |
| CMR MORTGAGE FUND III, LLC, | Chapter 11 |
| Debtors. | |

☐ Affects **FUND I**

☐ Affects **FUND II**

☐ Affects **FUND III**

☒ Affects **ALL FUNDS**

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR McNUTT LAW GROUP LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

Date:       March 26, 2010
Time:       9:30 a.m.
Place:      235 Pine Street
            Courtroom 23
            San Francisco, CA 94104

## I.  SUMMARY OF RELIEF REQUESTED

McNutt Law Group LLP ("MLG" or "Applicant"), attorneys for the Official Committee of Equity Security Holders (the "Committee") of CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") (collectively the "Funds" or "Debtors") in the above-captioned cases, hereby seeks its first interim allowance of $279,087.50 in fees and reimbursement of $7,199.47 in expenses incurred for the period October

Case: 09-30802   Doc# 299   Filed: 03/04/10   Entered: 03/04/10 16:16:35   Page 1 of 22

16, 2009 through January 31, 2010 (the "Application").

MLG submits this Application in accordance with the ORDER AUTHORIZING EMPLOYMENT OF MCNUTT LAW GROUP LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS ("Employment Order") entered on November 2, 2009 in Fund I [Doc. No. 296] (Attached as **Exhibit A**), ORDER AUTHORIZING EMPLOYMENT OF MCNUTT LAW GROUP LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS ("Employment Order") entered on November 2, 2009 in Fund II [Doc. No. 169] (Attached as **Exhibit B**), ORDER AUTHORIZING EMPLOYMENT OF MCNUTT LAW GROUP LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS ("Employment Order") entered on November 2, 2009 in Fund III [Doc. No. 143] (Attached as **Exhibit C**), section 327(a) of Title 11 of the United States Code ("Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 ("UST Guidelines").

## II.  **NOTICE OF APPLICATION**

Notice of this Application, in the form attached hereto as **Exhibit D**, is being sent concurrently with its filing to all creditors and parties in interest.  Full copies of the Application are being transmitted by mail to the United States Trustee, Debtors' counsel, and parties who have requested special notice.  Applicant respectfully submits that no further notice is required in this matter.

## III.  **BACKGROUND AND BASIS FOR RELIEF REQUESTED**

### A.  **Background**

The Funds are California limited liability companies who are managed by California Mortgage and Realty, Inc. ("CMRI" or the "Manager"), a Delaware corporation, for the purpose of making or investing in business loans secured by deeds of trust on real estate properties - predominately commercial income producing structures or land held by businesses located primarily in California. The principal assets of the Funds are promissory notes secured by liens on real and personal property, other receivables, and interests in limited liability corporations that own real property acquired by foreclosure.

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
163389.1

Case: 09-30802    Doc# 299    Filed: 03/04/10    Entered: 03/04/10 16:16:35    Page 2 of

1      On November 18, 2008, Fund I filed its voluntary petition for relief under Chapter 11 of

2 the Bankruptcy Code, and on March 31, 2009, Fund II and Fund III filed their respective voluntary

3 petitions for relief under Chapter 11 of the Bankruptcy Code.

4      On October 2, 2009 the United States Trustee appointed the Official Committee of Equity

5 Security Holders to serve in the Fund I, Fund II, and Fund III bankruptcy cases pursuant to the

6 Appointment of Official Committee of Unsecured Creditors filed with this Court on October 2,

7 2009.  The Committee hired MLG as counsel ("Committee Counsel") on October 16, 2009 and

8 LECG as financial advisors ("Committee Financial Advisors") on November 2, 2009.

9 **B.**     **Prior Payments to Applicant**

10      MLG has received no previous payments.

11 **C.**     **Available Funds and Administrative Expenses**

12      MLG is informed and believes that there are sufficient assets held by the estates to produce

13 funds to pay MLG's fees and costs, though the complete funds may not be readily available at this

14 time.  Applicant respectfully submits, therefore, that there are or will be sufficient proceeds to

15 make the payments sought herein by Applicant now or in the near future as funds become

16 available or assets are liquidated.

17 **IV.  <u>SUMMARY OF FEES AND COST REIMBURSEMENT</u>**

18      From October 16, 2009 through January 31, 2010, MLG rendered the services described in

19 this Application and in the invoices attached to the DECLARATION OF MICHAEL A. SWEET IN

20 SUPPORT FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

21 FOR MCNUTT LAW GROUP LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY

22 HOLDERS filed concurrently herewith ("Sweet Decl.").  MLG also incurred the actual and

23 necessary expenses itemized in the invoices.  MLG expended a total of 778.80 hours rendering

24 services to the Committee during the period covered by this Application for which it seeks

25 $279,087.50 in compensation and $7,199.47 in expense reimbursement.

26 **V.  <u>REQUIRED DISCLOSURE</u>**

27      MLG has not entered into any agreement for the purpose of fixing the fees or other

28 compensation to be paid for services rendered and expenses incurred in connection with this case.

Case: 09-30802   Doc# 299   Filed: 03/04/10   Entered: 03/04/10 16:16:35   Page 3 of 22

MLG has not agreed to share the compensation to be received for the services rendered in this case. *See* Sweet Decl., ¶ 7.

The names and hourly rates of the professionals and paraprofessionals of MLG who billed time for the period covered by this Application are as follows:

| PROFESSIONAL | INITIALS | POSITION | DATE ADMITTED | RATE AS OF 02/01/2009 |
|---|---|---|---|---|
| Scott H. McNutt | SHM | Attorney | 1982 | $500 |
| Michael A. Sweet | MAS | Attorney | 1996 | $450 |
| Dale L. Bratton | DLB | Attorney | 1986 | $450 |
| Douglas C. Graham | DCG | Attorney | 2001 | $375 |
| Lindsey R. Moran | LRM | Attorney | 2005 | $325 |
| Marianne M. Dickson | MMD | Attorney | 2006 | $275 |
| Carol A. Snell | CAS | Paralegal | n/a | $150 |
| Jackie Jacobus | JJ | Paralegal | n/a | $150 |
| William E. Strahan | WES | IT Professional | n/a | $100 |
| Melissa Keasler | MKK | Case Clerk | n/a | $100 |

The hourly rates charged by MLG are the customary rates charged by comparably skilled practitioners in cases other than cases under Title 11. MLG's rates in this case are not greater than those charged to other clients in other bankruptcy matters.

As set forth below, MLG has compiled a project-based itemization of services rendered based upon its contemporaneous daily records during the period covered by this Application. MLG has utilized the project categories suggested by the UST Guidelines. The Committee has been given an opportunity to review this Application and has approved the amounts requested herein. *See* Sweet Decl., ¶ 8.

The following chart summarizes project billing categories and the total hours expended for each category during the period covered by this Application, and is followed by a narrative and detail.

| CATEGORY | TOTAL HOURS BILLED | TOTAL FEES |
|---|---|---|
| A. Case Administration | 58.70 | $21,317.50 |
| B. Asset Analysis and Recovery | 48.30 | 17,942.50 |
| C. Relief from Stay/Adequate Protection | 44.10 | 15,735.00 |

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

163389.1

Case: 09-30802    Doc# 299    Filed: 03/04/10    Entered: 03/04/10 16:16:35    Page 4 of 22

| Category | Total Hours Billed | Total Fees |
|---|---|---|
| D. Meetings and Communications with Committee | 58.70 | $24,377.50 |
| D. Communications with Committee Members | 8.70 | 3,932.50 |
| F. Fee/Employment Applications | 28.90 | 8,740.00 |
| G. Fee/Employment Objections | 24.70 | 8,607.50 |
| H. Insurance Issues | 52.00 | 18,987.50 |
| I. Non-Working Travel | 0.00 | 0 |
| J. Business Operations | 10.80 | 3,750.00 |
| K. Financing/Cash Collateral | 19.80 | 7,195.00 |
| L. Corporate and Committee Governance Issues | 27.40 | 10,572.50 |
| M. Plan and Disclosure Statement | 16.60 | 7,047.50 |
| N. Changes in Debtor Management/Appointment of a Chapter 11 Trustee | 168.00 | 63,180.00 |
| O. Litigation Coordination Issues | 2.40 | 1,065.00 |
| P. Fee/Employment Applications - Other | 17.80 | 6,315.00 |
| Q. Compensation of Professionals | 27.60 | 9,487.50 |
| R. Learning Case History and Current Status | 39.70 | 16,750.00 |
| S. Communications with Creditors | 29.60 | 9,370.00 |
| T. Substantive Consolidation | 2.00 | 792.50 |
| U. BAPCA Requirements | 93.00 | 24,102.50 |
| **TOTAL:** | **778.80** | **$279,087.50** |

# VI. SERVICES RENDERED

## A. Case Administration

As with any case of this size, MLG's first effort was to become familiar with the other major parties, the legal and financial landscape of the three cases and to advise and support the Committee as to any immediate or pressing matters. The Committee moved forward as efficiently as possible, and directed MLG to schedule matters with as little redundancy as feasible, consistent with the desires of investors.

This is a rather complicated Chapter 11 case as there are three Debtors, approximately $200 million in initial investment capital, over 1,200 investors and various assets with intertwined interests and relationships. MLG has performed various tasks and provided legal advice regarding

163389.1

the general administration of this case, many of which do not fit in a specific category. However, matters under case administration of note include the following:

1. <u>Response to Pending Motions</u>: Since the Committee was appointed significantly after the commencement of these cases, the Committee had to quickly respond to several pending motions and issues immediately after its appointment. As a result, the Committee sought several voluntary continuances from various parties in order to provide the Committee with time to familiarize itself with the relevant issues and respond appropriately.

2. <u>Motion for Joint Administration</u>: As the three Funds are managed by CMRI and have intertwined and overlapping interests in many assets, the Committee was often drafting, filing and reviewing essentially identical documents in all three cases. In order to be more efficient and less costly in providing service, MLG filed a motion to have the three cases jointly administered.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. A.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 2.90 | $1,450.00 |
| Michael A. Sweet | MAS | 15.40 | 6,930.00 |
| Dale L. Bratton | DLB | 1.40 | 630.00 |
| Douglas C. Graham | DCG | .60 | 225.00 |
| Lindsey R. Moran | LRM | 34.10 | 11,082.50 |
| Marianne M. Dickson | MMD | 1.40 | 385.00 |
| Carol A. Snell | CAS | .60 | 90.00 |
| Jackie Jacobus | JJ | 2.30 | 345.00 |
| **TOTALS** | | **58.70** | **$21,137.50** |

**B.    Asset Analysis and Recovery**

A significant portion of MLG's work appears in this category. With tens of millions of dollars in assets, various intertwined interests and interdependent relationships among the Funds, it was incumbent on the Committee and counsel to carefully scrutinize potential assets. As a result of the Committee's investigation into the Debtors' financial affairs and assets, the Committee began to take an active stance in discussions with the Debtors and various creditors to improve the

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

163389.1

treatment of the Debtors, for the benefit of creditors and investors, in certain transactions. Two major transactions in which the Committee had a substantial role are the Standstill Agreement and the Mira Mesa Forbearance Agreement, defined *infra*.

The Committee, with the Debtors' cooperation and participation, was able to successfully spearhead a renegotiation of several terms in the Amended and Restated Standstill Agreement (the "Standstill Agreement") and finalized this agreement. The Standstill Agreement governs the relationship between the Funds and Oxford Investors, senior lienholders to assets in which the Funds have a junior security interest. For certain financial incentives, the Oxford Investors have agreed not to foreclose on those properties, thus creating a "standstill." This allows the Funds to retain their interests until a time the properties can be sold at a higher price than can be achieved in present market conditions, thereby preserving potentially tens of millions of dollars of asset value. Through the Committee's efforts, the treatment of the estates' interests, and thus investors, has been considerably improved.

The Committee achieved a similar result in an agreement regarding properties in the San Diego area (the "Mira Mesa Forbearance Agreement"). In the Mira Mesa Forbearance Agreement, the Committee negotiated with senior lienholders and officials from the City of San Diego to finance the further progress of a currently pending developer's application. The Committee finalized an agreement whereby additional funds would be acquired by non-debtor investors in order to continue the entitlement process, which greatly increases the properties' value.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. B.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 3.90 | $1,950.00 |
| Michael A. Sweet | MAS | 12.50 | 5,625.00 |
| Lindsey R. Moran | LRM | 31.90 | 10,367.50 |
| **TOTALS** | | **48.30** | **$17,942.50** |

FIRST INTERIM APPLICATION FOR COMPENSATION
FOR COUNSEL TO OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS
163389.1

Case: 09-30802    Doc# 299    Filed: 03/04/10    Entered: 03/04/10 16:16:35    Page 7 of 22

**C.**   **Relief from Stay/Adequate Protection Proceedings**

The Funds own or have interests in over twenty real properties.  In several instances, secured creditors requested relief from the automatic stay in order to foreclose or exercise similar rights as to the properties.  One such secured creditor was Imperial Bank, who eventually obtained relief from stay on the over-encumbered real property in the Sand City area in Monterey, California.  The Committee investigated the relevant financial information and discussed related issues with counsel for Fund II.  Ultimately, the Committee chose not to oppose this motion because the analysis completed by Committee Financial Advisors indicated that there was no value to preserve at this property.  Therefore, the Committee decided that it was in the best interest of investors to allow Imperial Bank to foreclose and focus resources on properties from which investors had a greater probability of realizing value.  Another secured creditor is Canpartners who is seeking relief from the automatic stay on real property in Hawaii, which is the basis for the adversary proceeding and appeal in Fund I.  The Committee is currently collaborating with the Debtors to defend this relief of stay motion.

Others seeking relief of stay are certain individual investors attempting to prosecute claims against the Manager, debtor and non-debtor entities for fraud, misconduct and other causes of action.  As a part of this motion, these investors are attempting to recover against insurance policies related to the Debtors.  The Committee believes that these insurance proceeds should benefit the entire equity body, not just select investors, and is objecting to the attempts by this small group of investors to continue its state court lawsuit against the Manager and related entities.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. C.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 1.70 | $850.00 |
| Michael A. Sweet | MAS | 11.10 | 4,995.00 |
| Douglas C. Graham | DCG | .30 | 112.50 |
| Lindsey R. Moran | LRM | 29.30 | 9,522.50 |
| Jackie Jacobus | JJ | 1.70 | 255.00 |
| **TOTALS** | | **44.10** | **$15,735.00** |

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

163589.1

**D.**     **Meetings and Communications with Committee**

Since its appointment, the Committee has acted vigorously to evaluate the Debtors' current and past management actions, respond to immediate needs, and investigate the Funds' financial affairs. The Committee has taken an active role in pending litigation, filed several of its own motions, evaluated and opposed several motions by other parties as well as negotiated more favorable terms for the Debtors, for the benefit of investors, in several transactions. The Committee is currently collaborating with the Debtors on a joint plan of reorganization and disclosure statement and motion for substantive consolidation. Given these substantial contributions, the Committee has conducted nine Committee meetings and regularly communicates as a group as the need arises with Committee Counsel and Committee Financial Advisors.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. D.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 16.40 | $8,200.00 |
| Michael A. Sweet | MAS | 19.00 | 8,550.00 |
| Dale L. Bratton | DLB | 1.20 | 540.00 |
| Lindsey R. Moran | LRM | 20.20 | 6,565.00 |
| Marianne M. Dickson | MMD | 1.90 | 522.50 |
| **TOTALS** | | **58.70** | **$24,377.50** |

**E.**     **Communications with Committee Members**

Since the Committee has been so active in investigating the Funds' financial affairs, responding to immediate needs and taking an active role in pending litigation and transactional negotiations, Committee Members have had considerable questions and concerns over a variety of issues. Rather than waiting until the next Committee meeting to address specific issues that arise in between Committee meetings and unnecessarily burdening the entire Committee with these inquiries, Committee Members often directed specific inquiries or requests for further explanation or information directly to Committee Counsel or Committee Financial Advisors. As a result, Committee Counsel expended a considerable amount of time responding to these individual

9

163389.1

inquiries and requests by Committee Members.  As appropriate, these concerns and requests were brought to the attention of the entire Committee and often resulted in streamlined Committee Meeting discussions on many relevant issues.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. E.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 1.10 | $550.00 |
| Michael A. Sweet | MAS | 7.30 | 3,285.00 |
| Lindsey R. Moran | LRM | .30 | 97.50 |
| **TOTALS** | | **8.70** | **$3,932.50** |

**F.      Fee/Employment Applications – MLG and LECG**

Time incurred in this category concerns two items: (1) MLG's employment application and (2) the instant fee application.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. F.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 1.50 | $750.00 |
| Michael A. Sweet | MAS | 2.60 | 1,170.00 |
| Lindsey R. Moran | LRM | 9.00 | 2,925.00 |
| Marianne M. Dickson | MMD | 12.20 | 3,355.00 |
| Jackie Jacobus | JJ | 3.60 | 540.00 |
| **TOTALS** | | **28.90** | **$8,740.00** |

**G.      Fee/Employment Objections – MLG**

The U.S. Trustee objected to MLG's employment based upon a highly unlikely contingent conflict.  Although MLG attempted to resolve the issue with the U.S. Trustee out of court, MLG was unable to do so and therefore had to formally respond to the U.S. Trustee's objection.  Time in this category was incurred in response to the U.S. Trustee's objection.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. G.

163389.1

| Professional | Initials | Hours Billed | Total Fees |
|---|---|---|---|
| Scott H. McNutt | SHM | 1.00 | $500.00 |
| Michael A. Sweet | MAS | 4.70 | 2,115.00 |
| Lindsey R. Moran | LRM | 17.60 | 5,720.00 |
| Marianne M. Dickson | MMD | .50 | 137.50 |
| Jackie Jacobus | JJ | .90 | 135.00 |
| **TOTALS** | | **24.70** | **$8,607.50** |

## H.    Insurance Issues

A promising avenue for recovery is insurance policies which cover actions related to the Manager's conduct.  The Committee identified $5,000,000 in general liability coverage and $3,000,000 in E&O coverage.  Counsel is currently analyzing the insurance policies as well as the tender letters submitted by the Debtors on these policies.  The Committee is presently investigating the potential for recovery under these policies and formulating a strategy going forward.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. H.

| Professional | Initials | Hours Billed | Total Fees |
|---|---|---|---|
| Michael A. Sweet | MAS | 4.90 | $2,205.00 |
| Douglas C. Graham | DCG | 29.50 | 11,062.50 |
| Lindsey R. Moran | LRM | 17.60 | 5,720.00 |
| **TOTALS** | | **52.00** | **$18,987.50** |

## I.    Non-Working Travel

Except in extraordinary circumstances, this firm's practice is not to charge for non-working travel.  This fee application does not bill for non-working travel.

## J.    Business Operations

Time incurred in this section pertains to issues regarding the general financial analysis of the Debtors, analysis regarding the relationships between and among the Funds as well as issues involving payments made to REO entities.

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

163389.1

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. I.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | .80 | $400.00 |
| Michael A. Sweet | MAS | .80 | 360.00 |
| Lindsey R. Moran | LRM | 9.20 | 2,990.00 |
| TOTALS | | 10.80 | $3,750.00 |

**K.     Financing/Cash Collateral**

The Committee believes that there is significant value in the three Funds. The immediate sale of certain properties needs to be avoided, to hold them until a later time when the real estate market has improved. The Committee believes that it is likely that greater value can be realized via an orderly run-off of the Funds' properties over a period of several years, rather than an immediate or very short-term liquidation. However, to avoid a near immediate liquidation of assets, interim financing is needed.

Although the Committee is seeking other sources for infusions of cash into the Debtors (such as seeking insurance proceeds on some potential claims), the reality is that any such funds are unlikely to be acquired in the necessary time frame or sufficient amounts. Institutional lenders have shown no interest whatsoever in making new loans to the Debtors. Therefore, DIP Financing will likely be the only short-term alternative source of such funding. Charges in this category relate to the MLG's work in analyzing the proposed DIP Financing motions and private placement memoranda in Fund II and Fund III.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. K.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 2.20 | $1,100.00 |
| Michael A. Sweet | MAS | 3.00 | 1,350.00 |
| Lindsey R. Moran | LRM | 14.60 | 4,745.00 |
| TOTALS | | 19.80 | $7,195.00 |

Case: 09-30802     Doc# 299     Filed: 03/04/10     Entered: 03/04/10 16:16:55     Page 12 of 22

163389.1

**L.  Corporate and Committee Governance Issues**

The Committee represents over 1,200 investors.  As a result, several investors who are not Committee Members requested that the U.S. Trustee expand the Committee.  A significant portion of time in this category was devoted to discussions regarding this issue, responding to related investor inquiries and concerns and exploring related issues with U.S. Trustee.  Other matters in this category included governance issues such as drafting of Committee bylaws, minutes and agendas as well as the hiring of Committee Financial Advisors.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. L.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 4.30 | $2,150.00 |
| Michael A. Sweet | MAS | 8.30 | 3,735.00 |
| Douglas C. Graham | DCG | 3.50 | 1,312.50 |
| Lindsey R. Moran | LRM | 7.60 | 2,470.00 |
| Marianne M. Dickson | MMD | 2.80 | 770.00 |
| Carol A. Snell | CAS | .90 | 135.00 |
| **TOTALS** | | **27.40** | **$10,572.50** |

**M.  Plan and Disclosure Statement (Including Business Plan)**

The Committee has been discussing arrangements with the Debtors where the Manager can still function in a beneficial manner while providing the estates and investors with sufficient oversight and input to significant decisions.  Through such protocols, the Committee believes that it can provide the necessary protection to avoid such inappropriate actions and poor business decisions in the future as well as to properly address past failings.  The first step in this process was negotiating and finalizing the Term Sheet which describes and determines the cooperative working arrangement agreed to by the Debtors and the Committee.  As a result of this mutual cooperation, the Committee is currently collaborating with the Debtors to file a joint plan of reorganization and disclosure statement.

/ / /

/ / /

163389.1

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. M.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 4.80 | $2,400.00 |
| Michael A. Sweet | MAS | 6.20 | 2,790.00 |
| Dale L. Bratton | DLB | .30 | 135.00 |
| Lindsey R. Moran | LRM | 5.30 | 1,722.50 |
| **TOTALS** | | **16.90** | **$7,047.50** |

**N.      Changes in Debtor Management/Appointment of a Chapter 11 Trustee**

Since its appointment, the Committee has acted vigorously to evaluate the Debtors' current and past management actions, respond to immediate needs, and investigate the Funds' financial affairs.  The Committee has challenged the Debtors to accept its input and oversight, as befits its role as spokesman for the largest economic constituency in these Chapter 11 cases.  Debtors have responded positively.  Committee Financial Advisors provided the Committee with a preliminary analysis of its findings in late December.  As a result, the Committee began to take an active stance in discussions with the Debtors and various creditors to improve the treatment of the Debtors, for the benefit of creditors and investors, in various transactions.

The U.S. Trustee has shown remarkably little interest in the nature and achievements of the Committee's participation in these cases, or its role in the further progression of these cases.  Instead, the U.S. Trustee's office completely bypassed the Committee, and unilaterally sought the extraordinary remedy of the appointment of a Chapter 11 trustee without even an inquiry into the Committee's goals or progress achieved in the short period of time since its appointment.  In fact, at the beginning of January when Committee Counsel requested a meeting with the U.S. Trustee's assigned attorney to discuss issues raised in its motion, and explore more efficient alternatives to the appointment of a trustee or examiner, the U.S. Trustee's attorney declined to even meet.  *See* Sweet Decl., Ex. V.  In the Committee's view, appointment of a Chapter 11 trustee would have been disastrous, eliminating any possibility that the equity investors would obtain anything beyond a minimal recovery on the collective initial investment of over $200 million in the three Funds.

14

163389.1

Case: 09-30802    Doc# 299    Filed: 03/04/10    Entered: 03/04/10 16:16:35    Page 14 of 22

Essentially, the dispute over the appointment of a chapter 11 trustee became a "life or death" matter for which the Committee instructed Committee Counsel to take a very aggressive approach in opposing the motion once the U.S. Trustee refused to even consider the Committee's perspective and desires. Had the U.S. Trustee agreed to even temporarily withdraw the motion and evaluate the Committee's Plan proposal, the total fees for this category would have been $7,115.00.

As a result of the U.S. Trustee's intransigence, Committee Counsel was required to vigorously defend against the motion to appoint a chapter 11 trustee or examiner incurring $56,065.00 in fees after January 4, 2010 in this category.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. N.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 4.10 | $2,050.00 |
| Michael A. Sweet | MAS | 30.60 | 13,770.00 |
| Dale L. Bratton | DLB | 33.70 | 15,165.00 |
| Lindsey R. Moran | LRM | 98.60 | 32,045.00 |
| Jackie Jacobus | JJ | 1.00 | 150.00 |
| **TOTALS** | | **168.00** | **$63,180.00** |

**O. Litigation Coordination Issues**

Fund I is currently embroiled in a significant adversary proceeding regarding real property in Hawaii. Before counsel for Fund I would produce any documents or disclosure relevant information to the Committee, Fund I counsel required that the Committee execute a confidentiality and non-disclosure agreement. Time incurred in this category relates to efforts to negotiate that confidentiality and non-disclosure agreement as well as discussions with the Fund I professionals regarding the Hawaii property and related adversary proceeding.

/ / /

/ / /

/ / /

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

163389.1

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. O.

| Professional | Initials | Hours Billed | Total Fees |
|---|---|---|---|
| Scott H. McNutt | SHM | .60 | $300.00 |
| Michael A. Sweet | MAS | 1.20 | 540.00 |
| Douglas C. Graham | DCG | .60 | 225.00 |
| TOTALS | | 2.40 | $1,065.00 |

## P. Fee/Employment Applications - Others

Charges incurred in this category refer to the (1) review and analysis of fee and employment applications filed by other parties in these bankruptcy cases, including the fee application for Fund I counsel and employment and fee applications of special counsel, and (2) MLG's assistance in preparing and filing Committee Financial Advisors' employment and fee applications.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. P.

| Professional | Initials | Hours Billed | Total Fees |
|---|---|---|---|
| Scott H. McNutt | SHM | .60 | $300.00 |
| Michael A. Sweet | MAS | 3.40 | 1,530.00 |
| Lindsey R. Moran | LRM | 13.80 | 4,485.00 |
| TOTALS | | 17.80 | $6,315.00 |

## Q. Compensation of Professionals

As these are rather complicated cases with complex financial situations, the Debtors have hired numerous professionals including accountants, tax professionals and special counsel since the commencement of these cases. Charges in this category refer to the Committee's review and analysis of the proposed or requested compensation for these various professionals. The most significant amount of time was spent in the analysis, discussion and negotiation of the terms of the Manager's compensation.

/ / /

163389.1

Case: 09-30802    Doc# 299    Filed: 03/04/10    Entered: 03/04/10 16:16:35    Page 16 of 22

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. Q.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 1.60 | $800.00 |
| Michael A. Sweet | MAS | 1.90 | 855.00 |
| Lindsey R. Moran | LRM | 24.10 | 7,832.50 |
| TOTALS | | 27.60 | $9,487.50 |

R.      **Learning Case History and Current Status**

Considering that the Committee was appointed significantly after the commencement of these cases, MLG had a considerable amount of legal and financial documents to review and analyze in order to familiarize the Committee with the current status of the cases and various important issues going forward.  Furthermore, these are rather complicated Chapter 11 cases as there are three Debtors, approximately $200 million in initial investment capital, over 1,200 investors and various assets with intertwined interests and potential conflicts of interest that needed to be analyzed and evaluated.

The breakdown of fees incurred in this category is as follows.  *See* Sweet Decl., Ex. R.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | 17.50 | $8,750.00 |
| Michael A. Sweet | MAS | 8.50 | 3,825.00 |
| Lindsey R. Moran | LRM | 10.90 | 3,542.00 |
| Marianne M. Dickson | MMD | 1.70 | 467.50 |
| Jackie Jacobus | JJ | 1.10 | 165.00 |
| TOTALS | | 39.70 | $16,750.00 |

S.      **Communications with Creditors/Investors**

As there are over 1,200 investors, MLG has expended considerable time responding to investor inquiries and concerns regarding the status of the cases, specific high interest issues such as the Committee's opinion on DIP Financing and the U.S. Trustee's motion to appoint a trustee, the financial status of the Funds' assets and the Committee's intended strategy for recovery.  MLG

163589.1

Case: 09-30802    Doc# 299    Filed: 03/04/10    Entered: 03/04/10 16:16:55    Page 17 of
22

has received and responded to these inquiries by telephone, email and U.S. mail.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. S.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Michael A. Sweet | MAS | 6.40 | $2,880.00 |
| Lindsey R. Moran | LRM | 17.20 | 5,590.00 |
| Jackie Jacobus | JJ | 6.00 | 900.00 |
| **TOTALS** | | **29.60** | **$9,370.00** |

**T.    Substantive Consolidation**

Substantive consolidation is authorized when multiple debtors' books and records cannot be adequately disentangled, or keeping the entities separate would be inequitable to creditors and interest holders.  Both of these factors are present here.  The books and records, while better than in some cases, do not adequately reflect the intent of the various parties involved with these Funds on how investment funds were treated and lien positions were created.  It would also be seriously inequitable to the various parties, particularly equity holders, to maintain the illusion that these funds were operated separately and in accord with their operative agreements.

Debtor personnel -- who are in fact the same for each of the Funds -- have made it very clear as the Committee has continued its inquiries that funds were shifted among Funds and devoted to various investments with little regard for where they were supposed to come from and go to.  When funds were urgently needed, they were pulled from where they were in various Funds, not where they should have come from.  On top of that, lien positions were created, in multiple layers, that would further the inequitable results because priorities appear to exist but do not reflect any intent to create orders of recovery among the Funds whose monies ended up in an investment made by a particular Fund.

Without substantive consolidation, the Committee believes that there is a risk of inter-Fund claims becoming more pressing.  If all possible inter-Fund issues had to be resolved by litigation, the administrative expenses would soar and there would be great and damaging delay.  These are

problems that these cases cannot afford, and avoiding them - fairly - has also become a significant goal for the Committee.

The Committee has always had some concern that the Funds' affairs were not treated as they should have been under the operative agreements, resulting in distortion of the interests of the Funds in various properties. What has become considerably clearer to the Committee during the Plan formulation process is the extent to which substantive consolidation is a threshold question that needs to be resolved before a plan structure, and disclosure statement narrative, are put together. Therefore, MLG is currently drafting a motion for substantive consolidation that will flesh out these issues.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. T.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | .60 | $300.00 |
| Michael A. Sweet | MAS | .30 | 135.00 |
| Lindsey R. Moran | LRM | 1.10 | 357.50 |
| **TOTALS** | | **2.00** | **$792.50** |

## U. BAPCA Requirements

With over 1,200 investors, MLG anticipated expending considerable time responding to investor inquiries, concerns and requests for information. Accordingly, the Committee sought authorization from the court to establish procedures on how the Committee should disseminate information as well as an order defining the Committee's obligation to provide access to the Debtor's confidential and other non-public proprietary information and to the Committee's privileged information. Such protocols would ensure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates and aid the Committee in performing its statutory function under section 1102(b)(3)(A) of the Bankruptcy Abuse Prevention Consumer Protection Act of 2005.

Establishing a website is one such way to achieve the goal of how the Committee disseminates information to its large constituency. The Committee constructed a website that

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

made the following information available: (i) general public information concerning the Funds' cases, including documents filed in the cases and links to the Court's PACER system and case docket, (ii) the Committee's occasional written reports summarizing recent public proceedings, public events and financial information, (iii) a calendar with upcoming significant events in the cases, (iv) a general overview of the Chapter 11 process, (v) press releases (if any) issued by the Committee or the Debtors, (vi) answers to frequently asked questions, and (vii) links to other relevant websites. Additionally, the Committee distributed case updates via electronic mail for investors that have registered for this service on the Committee website and established and maintained a telephone number and electronic mail address for investors to submit questions and comments.

In Chapter 11 cases Committees often outsource the committee website to companies that charge tens of thousands of dollars to setup and maintain the website. By keeping the CMR website in-house, the Committee believes it is saving a significant amount of money. Sample pages from the Committee Website are attached as Exhibit Y to the Sweet Declaration.

The breakdown of fees incurred in this category is as follows. *See* Sweet Decl., Ex. U.

| PROFESSIONAL | INITIALS | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| Scott H. McNutt | SHM | .40 | $200.00 |
| Michael A. Sweet | MAS | 5.50 | 2,475.00 |
| Lindsey R. Moran | LRM | 54.50 | 17,712.50 |
| Jackie Jacobus | JJ | 9.10 | 1,365.00 |
| William E. Strahan | WES | 23.30 | 2,330.00 |
| Melissa K. Keasler | MKK | .20 | 20.00 |
| **TOTALS** | | **93.00** | **$24,102.50** |

## VII.  SUMMARY OF EXPENSES

MLG does not charge for incidental in-house copying, faxes, de minimus postage, or long-distance phone charges. MLG does charge for both attorney travel expenses and third party vendors at actual cost. Committee Members incurred travel expenses to attend Committee Meetings.

The total expenses incurred by MLG in this case for the period covered by this Application are as follows. *See* Sweet Decl., Ex. U.

| CATEGORY | EXPENSES BILLED |
|---|---|
| A.     Online Research | $1,708.32 |
| B.     Conference Calls | 1,402.30 |
| C.     Postage | 88.18 |
| D.     Messenger/Delivery Service | 318.14 |
| E.     Litigation Support Vendors | 3,618.09 |
| F.     Committee Expenses | 64.44 |
| **TOTAL EXPENSES BILLED:** | **$7,199.47** |

## VIII.  INTEROFFICE CONFERENCES

Some of the attorneys' fees expended by Applicant in its representation of the Committee in this case include conferences between and among the attorneys of MLG. Applicant believes such meetings are necessary to the efficient and economical administration of the case to (i) ensure that all professionals involved in the case understand and appreciate the overall case strategy and the ultimate goals of the case; (ii) effectively delegate those matters which can be most economically handled by junior professionals with a lower hourly billing rate while providing the necessary guidance and support to such junior professionals regarding their assignments; and (iii) ensure that the efforts of all professionals working on the case complement each other without waste or duplication. Applicant does not believe that there has been an extraordinary or unwarranted use of interoffice conferences in this case.

## IX.  MULTIPLE PROFESSIONALS

At various times in the course of its representation of the Committee in this case, more than one professional from MLG may have participated in a significant meeting. Applicant believes that its use of multiple professionals in these instances was reasonable and was beneficial to the efficient representation of the Trustee.

## X.  RESPONSIBLE PERSONNEL

The services subject to this Application were performed by attorneys Scott H. McNutt,

FIRST INTERIM APPLICATION FOR COMPENSATION FOR COUNSEL TO OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

163389.1

Case: 09-30802     Doc# 299     Filed: 03/04/10     Entered: 03/04/10 16:16:35     Page 21 of 22

Michael A. Sweet, Dale L. Bratton, Douglas C. Graham, Lindsey R. Moran, and Marianne M. Dickson, paralegals Carol A. Snell and Jackie Jacobus, I.T. professional William E. Strahan and case clerk Melissa Keasler. A description of these individuals' experience and qualifications are set forth in the accompanying declaration of Michael A. Sweet. *See* Sweet Decl., Ex. X.

## XI. ESTABLISHMENT OF FEES

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." In re Manoa Finance Company, 853 F.2d 687 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill, and reputation.

## XII. CONCLUSION

WHEREFORE, Applicant requests that the Court approve an interim award of attorneys' fees in the amount of $279,087.50 reimbursement of expenses in the amount of $7,199.47 on account of MLG's services rendered to the Committee for the period October 16, 2009 through January 31, 2010.

Dated: March 4, 2010                    McNUTT LAW GROUP LLP


                                        By: */s/ Michael A. Sweet*
                                        _____
                                            Michael A. Sweet
                                        Attorneys for Official Committee of Equity Security
                                        Holders

163389.1